IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL G. MONDELLO,                     No.  CIV.S-04-0973 DAD

    Plaintiff,

  v.                                    ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

    This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

    Plaintiff Daniel Gerard Mondello applied for Disability Insurance Benefits under Title II of the Social Security Act (the

1

"Act"). (Transcript ("Tr.") at 38-40.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 24-27, 29-32.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on July 8, 2003, at which time plaintiff was represented by counsel. (Tr. at 170-92.) In a decision issued on November 20, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 9-16.) The ALJ entered the following findings in this regard:

> 1. The claimant met the disability insured status requirements of the Act on December 23, 2000, the date the claimant stated he became unable to work, and continues to meet them through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since December 23, 2000.
>
> 3. The medical evidence establishes that the claimant has a history of severe hepatitis and early cirrhosis of the liver, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. The claimant does not have a severe mental impairment.
>
> 4. The claimant's testimony is not substantially credible for the reasons stated in the body of this decision.
>
> 5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for frequently lifting more than 25 pounds and occasionally lifting more than 50 pounds. There are no non-exertional limitations (20 CFR § 404.1545).

2

|   |     |                                                                                                                                                                                                                             |
|---|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 6.  | The claimant is unable to perform his past relevant work as a roofer.                                                                                                                                                       |
|   | 7.  | The claimant has the residual functional capacity to perform the full range of medium work (20 CFR § 404.1567).                                                                                                             |
|   | 8.  | The claimant is 43-years-old, which is defined as a younger aged individual (20 CFR § 404.1563).                                                                                                                            |
|   | 9.  | The claimant possesses a high school education (20 CFR § 404.1564).                                                                                                                                                         |
|   | 10. | In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.                                                                                                |
|   | 11. | Section 404.1569 of Regulations No. 4 and Rule 203.29, Table No.3 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education and work experience, he is not disabled. |
|   | 12. | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f).                                                                      |

(Tr. at 15.) The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on March 19, 2004. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on May 19, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v.

3

Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances four arguments in his motion for summary judgment. First, plaintiff argues that substantial evidence does not support the ALJ's finding regarding the impact of plaintiff's persistent fatigue on his physical residual functional capacity. Second, plaintiff contends that the ALJ erred in not finding plaintiff's allege mental impairment to be "severe." Third, plaintiff asserts that the ALJ improperly relied on the Medical-Vocational Guidelines in finding plaintiff capable of performing work

in the national economy.  Fourth, plaintiff argues that the ALJ erroneously rejected plaintiff's testimony regarding the severity of his symptoms and the resulting limitations those symptoms place upon him.  The court addresses plaintiff's arguments below.

Beginning with plaintiff's argument regarding the impact of his fatigue on his physical residual functional capacity, plaintiff accurately points out that handwritten chart notes by his treating physicians reflect his complaints such as "significant fatigue" and "still tires and sleeping a lot."  (Tr. at 101, 145, 154.)  However, examining internal medicine specialist Jaskaran Momi, M.D. and the nonexamining state agency physician both found plaintiff physically capable of medium work despite his hepatitis, cirrhosis and related symptoms.  (Tr. at 109-12, 132-39.)  Also, as the ALJ observed, diagnostic evidence suggests that plaintiff's conditions may not be as debilitating as plaintiff claims.  This evidence include laboratory tests conducted on June 13, 2002, during which Hepatitis C Viral RNA was not detected and an unremarkable ultrasound of the liver.  (Tr. at 144, 162.)  Plaintiff's most recent treatment notes from Kaiser Permanente are also largely unremarkable with respect to his fatigue and exhaustion.  (Tr. at 164-69.)

In short, there is relevant evidence a reasonable mind might accept as adequate to support the conclusion that plaintiff is physically capable of medium work despite his complaints of fatigue.  Therefore, substantial evidence supports the ALJ's finding in this regard.

/////

On the other hand, the court is persuaded by plaintiff's argument with respect to his alleged mental impairment.  It is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Yuckert, 482 U.S. at 153.  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  Smolen, 80 F.3d at 1290 (citations omitted).  See also 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").  It has been recognized that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims."  Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

The evidence in the record regarding plaintiff's alleged mental impairments includes the January, 2002 report of Janine Marinos, Ph.D., an examining psychologist (Tr. at 114-17), and the Psychiatric Review Technique form completed by the nonexamining state agency physician (Tr. at 118-31).  In sum, Dr. Marinos diagnosed

7

plaintiff with "Adjustment Disorder with Depressed Mood" resulting in "significant difficulty performing complex tasks and maintaining adequate concentration, persistence or pace."  (Tr. at 116, 117.) The nonexamining state agency physician found plaintiff to have nothing more than mild limitations, concluding that plaintiff's adjustment disorder was "not severe."  (Tr. at 118, 128.)

In discounting plaintiff's alleged mental impairment, the ALJ expressly rejected Dr. Marinos' opinion and presumably, although not explicitly, adopted the position of the nonexamining state agency physician.  In rejecting Dr. Marinos' position, the ALJ explained as follows:

> Insofar as consultative psychologist, Dr. Marinos, Ph.D., opined in January 2002 that the claimant has an adjustment disorder with depressed mood which significantly impairs his ability to perform complex job tasks and maintain adequate concentration, persistence, or pace, this assessment is not credible as: (1) It was prepared by a one-time psychiatric evaluator who did not have any prior mental health evidence to review.  (2) It is inconsistent with the fact that the claimant has never been under the care of a mental health therapist or been diagnosed with a mental impairment prior to this date.  (3) It is entirely at odds with the claimant's wide-ranging activities of daily living.  (4) It is inconsistent with the doctor's fairly benign mental status examination.  (5) It appears to place an inordinate amount of reliance upon the claimant's self-serving subjective statements.  (6) It appears to have been based upon the claimant's medical complaints rather than upon his mental symptoms.  As such, the undersigned does not accord Dr. Marinos' mental health assessment any weight.

(Tr. at 14.)  However, this reasoning does not amount to specific and legitimate reasons based on substantial evidence in the record.  See

8

Lester, 81 F.3d at 830 (where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record").

More specifically, one reason the ALJ rejected the opinion of Dr. Marinos is because she saw plaintiff on only one occasion. Such a reason is ironic when the ALJ credited the opinion of Dr. Momi, the internal medicine specialist who also examined plaintiff on just one occasion and without reviewing any medical records.

The fact that plaintiff had not been afforded counseling or psychotherapy at any time prior to his meeting with Dr. Marinos also does not amount to a legitimate reason for discounting the opinion. The Ninth Circuit has indicated that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)(quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Additionally, while it is unnecessary to set forth plaintiff's testimony here, his daily activities are not "wide-ranging." The record shows that plaintiff essentially isolates himself due to his contagious medical condition, sleeps about fourteen hours a day, and does little more than what is required to take care of himself on a daily basis. (CT at 114-15, 177-79 and 185-89.)

Finally, the ALJ's reasons regarding plaintiff's subjective statements and medical complaints also do not withstand scrutiny.

1 Dr. Marinos' report did not simply reiterate plaintiff's subjective
2 complaints.  Dr. Marinos employed a number of procedures and
3 administered tests (Tr. at 114) that resulted in more than minimal
4 objective findings.  Similarly, whether those findings are a result
5 of plaintiff's "medical complaints" or his "mental symptoms" is
6 beside the point.  The relevant point is that plaintiff performed
7 "relatively poorly" during his examination by Dr. Marinos who
8 therefore found plaintiff significantly limited in certain respects.
9 (Tr. at 117.)

10        For these reasons, the ALJ erred in his treatment of Dr.
11 Marinos' opinion.  The record reflects that plaintiff has a mental
12 impairment that has more than a minimal effect on his ability to
13 work.  Reversal is required for this reason.

14        Turning next to plaintiff's credibility argument, it is
15 well-established that the determination of credibility is a function
16 of the ALJ, acting on behalf of the Commissioner.  See Saelee v.
17 Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of
18 credibility should, in general, be given great weight.  Nyman v.
19 Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of
20 credibility and resolution of conflicts in the testimony are
21 functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In
22 evaluating a claimant's subjective testimony regarding pain and the
23 severity of his or her symptoms an ALJ may consider the presence or
24 absence of supporting objective medical evidence along with other
25 factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991);
26 see also Smolen, 80 F.3d at 1285.  Ordinary techniques of credibility

evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings. Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848). Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997). Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792. See also Reddick, 157 F.3d at 722.

Here, it is clear that plaintiff's medical records document conditions which might reasonably be expected to cause the symptoms alleged by plaintiff. The ALJ found plaintiff's statements regarding the impact of his impairments on his ability to work to be less than credible for essentially two reasons. The ALJ found plaintiff's complaints to be "out of proportion to the overall weight of the objective medical evidence of record" and at odds with plaintiff's "wide-ranging activities of daily living." (Tr. at 13.) However, as stated above, plaintiff's daily activities are not "wide-ranging." As for the ALJ's other reason, a lack of objective medical evidence alone is not a clear and convincing reason for rejecting a claimant's

11

testimony regarding pain, fatigue, exhaustion and similar conditions which cannot be objectively measured.  See Bunnell, 947 F.2d at 345; Fair, 885 F.2d at 601; see also Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)("That a claimant testifies that his symptom is more disabling than would normally be expected gives no valid reason to discount his testimony.").

For these reasons, the court finds that the ALJ failed to reject plaintiff's testimony regarding the severity of his symptoms and their impact on his ability to work by offering specific, clear and convincing reasons for doing so.  Reversal is required for this reason as well.

Next, plaintiff persuasively argues that the ALJ erred in relying on the Medical-Vocational Guidelines in finding plaintiff not disabled and in failing to take testimony from a vocational expert. At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either (1) applying the Medical-Vocational Guidelines (the grids) in appropriate circumstances or (2) taking the testimony of a vocational expert. See Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Services, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)); Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988).

The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work

experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). They may be utilized as long as they "accurately and completely describe the claimant's abilities and limitations." Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998); see also Reddick, 157 F.3d at 729; 20 C.F.R. Pt. 404, Subpart P, App. 2, § 200.00(b). However, when a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable. See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). Nonetheless, even where nonexertional limitations are alleged, use of the grids is not precluded unless the nonexertional impairment is sufficiently severe. See Tackett, 180 F.3d at 1101-02; Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir. 1987).

     Here, when the opinion of Dr. Marinos is properly credited, it is apparent that plaintiff has significant difficulty performing complex tasks and maintaining adequate concentration, persistence or pace. When plaintiff's testimony is credited, it is clear that his fatigue requires sleeping up to fourteen hours a day, including a mid-day nap. Because these nonexertional impairments significantly limit the range of work permitted by plaintiff's exertional limitations, the grids did not accurately and completely describe plaintiff's abilities and limitations. Testimony from a vocational expert is necessary under these circumstances. See Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1156 n.10 (9th Cir. 1989) ("However, if she were not

capable of doing the full range of medium work because of a nonexertional impairment, then the ALJ would not be allowed to rely solely on the grids to direct a finding of not disabled."); see also Carr v. Sullivan, 772 F. Supp. 522, 529 (E.D. Wash. 1991)("A severe mental impairment necessarily creates limitations in functional capacity beyond strength limitations.").

In light of these numerous errors, reversal is required. Remand is the appropriate remedy when, as is the case here, a vocational expert has not had the opportunity to consider an accurate description of a claimant's limitations. Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995).

In light of the ALJ's failure to properly credit plaintiff's testimony, on remand the ALJ shall also take into account plaintiff's subjective complaints regarding his fatigue. This is the primary problem associated with plaintiff's hepatitis and cirrhosis of the liver to which plaintiff testified. See Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir. 2000)(remanding for further proceedings even though district court found fault with ALJ's rejection of claimant's testimony because there were "sufficient unanswered questions"). Upon remand, the ALJ shall also take into account plaintiff's severe mental impairment.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is granted;

/////

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner is reversed and this case is remanded for rehearing consistent with the analysis set forth herein. <u>See</u> 42 U.S.C. § 405(g), Sentence Four.

DATED: April 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\mondello0973.order

15