IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL G. MONDELLO,

        Plaintiff,                     No. CIV S-04-0973 DAD

    v.

MICHAEL J. ASTRUE,                 <u>ORDER</u>
Commissioner of Social Security,[1]

        Defendant.
_____/

        Plaintiff brought this action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. By previous order of the court, plaintiff's motion for summary judgment and/or remand was granted, defendant's cross-motion for summary judgment was denied, the decision of the Commissioner was reversed, and the case was remanded for further proceedings. Counsel for plaintiff has filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b).

        Plaintiff's counsel seeks attorney fees in the amount of $29,813.38, which represents 25% of the retroactive disability benefits received by plaintiff as a result of a fully

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

favorable decision on remand. A copy of the motion was sent to plaintiff, who has not filed any objection. Nor has defendant filed any response to the motion.

Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). The award under § 406(b) is paid out of the claimant's past-due benefits, while an EAJA award is paid by the government. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal of fee awards under § 406(b) is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. See also Crawford v. Astrue, 545 F.3d 854, 858 (9th Cir. 2008). The Supreme Court has provided five factors which may be relevant in considering whether a fee award under a contingent-fee arrangement is reasonable: (1) the character of the representation; (2) the nature of

the results achieved; (3) if the attorney was responsible for delay; (4) if the benefits were large in comparison to the amount of time spent on the case; and (5) the record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge. Gisbrecht, 535 U.S. at 808; see also Crawford, 545 F.3d at 858-59. As the Ninth Circuit has recently observed, however, in Gisbrecht the Supreme Court did not decide, or indicate any views on, whether contingent fee agreements not in excess of 25% of past-due benefits awarded were presumptively reasonable or the extent to which district courts could utilize a lodestar calculation, based on an appropriate hourly rate and the hours properly spent, in determining whether a requested fee award under § 406(b) was reasonable. Crawford, 545 F.3d at 859.

Here, counsel for plaintiff seeks total attorney fees in connection with representation before the court in an amount equal to 25% of plaintiff's past-due benefits, which is the maximum amount authorized by statute as well as the amount set forth in the fee agreement between counsel and plaintiff upon receipt of a favorable decision at any time following an unfavorable or partially favorable ALJ decision. (See Mot. for Attorney's Fees, 42 U.S.C. § 406(b), Ex. C.) More specifically, counsel seeks an award of $ 29,813.38 for 37.2 hours of work, which would represent a rate of approximately $ 801.00 per hour. (See id., Ex. D.) The Social Security Administration withheld from plaintiff's past-due benefits the amount of $ 29,813.38, 25% of those benefits, for any attorney fees awarded by the court under § 406(b). (Id., Ex. A.)[2]

/////

---

[2] Counsel has attached to his motion copies of the Notice of Favorable Decision, the Notice of Award, the 25% contingency fee contract entered into by plaintiff with his counsel, an itemized statement of services rendered documenting the 37.2 hours expended on plaintiff's behalf in connection with matters before the court and the results of a survey of standard hourly billing rates in counsel's area establishing to the court's satisfaction that counsel's non-contingent fee rate of $475 per hour is reasonable. Counsel has also addressed in his motion the high risk of loss, approaching 65%, associated with social security appeals in general as well as the substantial risk of loss associated with this particular case, where plaintiff had been denied benefits at four levels of administrative proceedings.

Counsel was previously awarded $5,700.00 in attorney fees pursuant to the EAJA by stipulation and order filed in this case on June 20, 2006. Counsel asks the court to offset the requested attorney fee award of $29,813.38 by the $5,700.00 already awarded under EAJA, for a net fee of $24,113.38 under 42 U.S.C. § 406(b). The balance of the amount being withheld from plaintiff's retroactive benefits, i.e., $5,700.00, would then be paid to plaintiff. See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").[3]

Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended by counsel to be eminently reasonable. The effective hourly rate that would result from a granting of counsel's application is a somewhat closer question in light of the Ninth Circuit recent decision in Crawford. There, a divided panel affirmed the district court's award of social security attorney's fees in three contingency cases in amounts significantly below both 25% of the past-due benefits awarded and the amount sought by counsel. See 545 F.3d at 859-64. In Crawford, the district court had made a lodestar calculation, based on the reasonable number of hours at a reasonable hourly rate, and then considered the remaining Gisbrecht factors in determining whether the amount sought by counsel within the 25% of past-due benefits cap was a reasonable enhancement or would result in an unreasonable windfall to counsel. Id. In affirming, the Ninth Circuit found that this approach did not deviate from standards announced by the Supreme Court in Gisbrecht and did not constitute an abuse of discretion. Id.

/////

---

[3] Counsel has also forthrightly informed the court that under 42 U.S.C. § 406(a) he has sought $5,300.00 in fees for professional services rendered to plaintiff in connection with the administrative proceedings. The combined attorney fees award for work done both in the administrative proceedings and before the court would, if counsel was successful in his applications, therefore exceed 25% of the past-due benefits awarded plaintiff. However, that is not inappropriate. Clark v. Astrue, 529 F.3d 1211, 1218 (9th Cir. 2008) (holding that § 406(b) limits only the amount of attorney's fees awarded under that section and not the combined fees awarded under § 406(a) and § 406(b)).

1   The district court fee awards affirmed in Crawford involved enhancements of the
lodestar amount of between 40% and 100%. See 545 F.3d at 859-64. Here, the court has found
both the number of hours expended (37.2) and counsel's non-contingent fee hourly rate ($475 per
hour) to be reasonable, resulting in a lodestar-type calculation of $17,670.00. Counsel seeks
attorney fees in the amount of $29,813.38 pursuant to 42 U.S.C. § 406(b). Such an award would
include an enhancement of $12,143.00, or approximately 68.7% of the amount reached under a
lodestar-type calculation. This is within the range of the enhancements affirmed in Crawford.

Moreover, this court has considered all of the Gisbrecht factors as they relate to
this particular case. There is nothing in the record before the court suggesting overreaching on
counsel's part in any respect. Counsel assumed the risk of non-payment inherent in a
contingency agreement, counsel did not contribute to any delay in the proceedings, the amount
sought is within the 25% cap and counsel's efforts on plaintiff's behalf were most certainly
successful. The court therefore concludes that the fees sought by counsel pursuant to § 406(b)
are reasonable and that their award would not represent a windfall to counsel See Ellick v.
Barnhart, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding $10,031.56, which
represented an hourly rate of $550 per hour for attorney time and $238.63 per hour for paralegal
time); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding $25,132.50 for
approximately 56 hours of court-related work, which represented an hourly rate of $450); Martin
v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours
of court-related work, which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F.
Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorney fees in excess of the amount received
under EAJA and finding an hourly rate of $338.29 to be reasonable); Hembree v. Astrue, No. ED
CV 06-497-PLA, 2009 WL 510310, *3 (C.D. Cal. Feb. 27, 2009) (assembling cases).
Accordingly, the motion for attorney fees under 42 U.S.C. § 406(b) will be granted in full.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 30, 2007 motion for attorney fees (Doc. No. 27) under 42 U.S.C. § 406(b) is granted;

2. Counsel for plaintiff is awarded $24,113.38 in attorney fees under § 406(b), which is the net amount of the maximum allowable fee minus the amount of fees previously awarded to counsel for plaintiff under the EAJA. The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of his withheld benefits.

DATED: March 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/mondello0973.attyfees.406b